

**United States Department of Justice**

United States Attorney
Southern District of West Virginia

Robert C. Byrd United States Courthouse
300 Virginia Street, East
Suite 4000
Charleston, WV 25301
1-800-659-8726

Mailing Address
Post Office Box 1713
Charleston, WV 25326
304-345-2200
FAX: 304-347-5104

October 29, 2020

David R. Bungard
Assistant Federal Public Defender
300 Virginia Street, East. Room 3400
Charleston, WV 25301

      Re:  United States v. Jamie Otis Southern
           Criminal No. 5:20-cr-00117 (USDC SDWV)

Dear Mr. Bungard:

    This will confirm our conversations with regard to your client, Jamie Otis Southern (hereinafter "Mr. Southern"). As a result of these conversations, it is agreed by and between the United States and Mr. Southern as follows:

    1.  **PENDING CHARGES.** Mr. Southern is charged in a single-count indictment with a violation of 18 U.S.C. §§ 1591(a) and (b)(1) and 1594(a) (attempted sex trafficking of a minor under the age of 14).

    2.  **RESOLUTION OF CHARGES.** Mr. Southern will plead guilty to said indictment, which charges him with a violation of 18 U.S.C. §§ 1591(a) and (b)(1) and 1594(a).

    3.  **MAXIMUM POTENTIAL PENALTY.** The maximum penalty to which Mr. Southern will be exposed by virtue of this guilty plea is as follows:

    (a)  Imprisonment for a period of at least 15 years and up to life;

    (b)  A fine of $250,000, or twice the gross pecuniary gain or

_____<br/>Defendant's Initials

David R. Bungard  
October 29, 2020                                          Re: Jamie Southern  
Page 2

        twice the gross pecuniary loss resulting from defendant's conduct, whichever is greater;

  (c)  A term of supervised release of 5 years to life; and

  (d)  A mandatory special assessment of $100 pursuant to 18 U.S.C. § 3013 and $5,000 pursuant to 18 U.S.C. § 3014.

    4.  **SPECIAL ASSESSMENT.** Mr. Southern has submitted certified financial statements to the United States reflecting that he is without sufficient funds to pay the special assessment due upon conviction in this case. Mr. Southern agrees that, if incarcerated, he will join the Inmate Financial Responsibility Program, earnings from which will be applied toward payment of the special assessment.

    5.  **ABANDONMENT OF PROPERTY.** Mr. Southern hereby agrees to release, relinquish, waive or abandon to the United States or to the State of West Virginia or Virginia any and all right, title and interest he may have in certain items seized from him or his hotel room in Lebanon, Virginia, on July 20, 2020, that is, one (1) black Motorola cellphone; two (2) silver and white LG cellular phones; and one (1) black ZTE cell phone serial. The property hereby abandoned by the defendant under this paragraph will be destroyed or otherwise disposed of by federal, state or local law enforcement officers according to the law.

    6.  **PAYMENT OF MONETARY PENALTIES.** Mr. Southern authorizes the Financial Litigation Unit in the United States Attorney's Office to obtain a credit report from any major credit reporting agency prior to sentencing in order to assess his financial condition for sentencing purposes. Mr. Southern agrees not to object to the District Court ordering all monetary penalties (including the special assessment, fine, court costs, and any restitution that does not exceed the amount set forth in this plea agreement) to be due and payable in full immediately and subject to immediate enforcement by the United States. So long as the monetary penalties are ordered to be due and payable in full

                                                                                                 _____  
                                                                                                  Defendant's  
                                                                                                   Initials

David R. Bungard
October 29, 2020                                    Re: Jamie Southern
Page 3

immediately, Mr. Southern further agrees not to object to the District Court imposing any schedule of payments as merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.

Mr. Southern authorizes the United States, through the Financial Litigation Unit, to submit any unpaid criminal monetary penalty to the United States Treasury for offset in accordance with the Treasury Offset Program, regardless of the defendant's payment status or history at that time.

In addition to any payment ordered by the Court, Mr. Southern shall pay all monies received from any source other than earned income, including but not limited to, lottery winnings, gambling proceeds, judgments, inheritances, and tax refunds, toward the court ordered restitution or fine.

Mr. Southern agrees that if he retains counsel or has appointed counsel in response to the United States' efforts to collect any monetary penalty, he shall immediately notify the United States Attorney's Office, Attention: Financial Litigation Unit, P.O. Box 1713, Charleston, West Virginia 25326-1713, in writing and shall instruct his attorney to notify FLU immediately of his representation.

7.   **COOPERATION**.   Mr. Southern will be forthright and truthful with this office and other law enforcement agencies with regard to all inquiries made pursuant to this agreement, and will give signed, sworn statements and grand jury and trial testimony upon request of the United States. In complying with this provision, Mr. Southern may have counsel present except when appearing before a grand jury.

8.   **USE IMMUNITY**.   Unless this agreement becomes void due to a violation of any of its terms by Mr. Southern, and except as expressly provided for in paragraph 10 below, nothing contained in any statement or testimony provided by him pursuant to this

                                                    _J.S._
                                                    Defendant's
                                                    Initials

David R. Bungard
October 29, 2020                                              Re: Jamie Southern
Page 4

agreement, or any evidence developed therefrom, will be used against him, directly or indirectly, in any further criminal prosecutions or in determining the applicable guideline range under the Federal Sentencing Guidelines.

  9. **LIMITATIONS ON IMMUNITY.**  Nothing contained in this agreement restricts the use of information obtained by the United States from an independent, legitimate source, separate and apart from any information and testimony provided pursuant to this agreement, in determining the applicable guideline range or in prosecuting Mr. Southern for any violations of federal or state laws.  The United States reserves the right to prosecute Mr. Southern for perjury or false statement if such a situation should occur pursuant to this agreement.

  10. **STIPULATION OF FACTS AND WAIVER OF FED. R. EVID. 410.** The United States and Mr. Southern stipulate and agree that the facts comprising the offense of conviction and relevant conduct include the facts outlined in the "Stipulation of Facts," a copy of which is attached hereto as "Plea Agreement Exhibit A."

  Mr. Southern agrees that if he withdraws from this agreement, or this agreement is voided as a result of a breach of its terms by him, and he is subsequently tried for his conduct alleged in the indictment or information, as more specifically described in the Stipulation of Facts, the United States may use and introduce the Stipulation of Facts in the United States case-in-chief, in cross-examination of Mr. Southern or of any of his witnesses, or in rebuttal of any testimony introduced by him or on his behalf. Mr. Southern knowingly and voluntarily waives, see <u>United States v. Mezzanatto</u>, 513 U.S. 196 (1995), any right he has pursuant to Fed. R. Evid. 410 that would prohibit such use of the Stipulation of Facts.  If the Court does not accept the plea agreement through no fault of the defendant, or the Court declares the agreement void due to a breach of its terms by the United States, the Stipulation of Facts cannot be used by the United States.

  The United States and Mr. Southern understand and acknowledge

_____<br>Defendant's<br>Initials

David R. Bungard  
October 29, 2020                                                     Re: Jamie Southern  
Page 5

that the Court is not bound by the Stipulation of Facts and that if some or all of the Stipulation of Facts is not accepted by the Court, the parties will not have the right to withdraw from the plea agreement.

    11. **AGREEMENT ON SENTENCING GUIDELINES.** Based on the foregoing Stipulation of Facts, the United States and Mr. Southern agree that the following provisions of the United States Sentencing Guidelines apply to this case.

<u>USSG §2G1.3 (Group 1)</u>[1]

| | |
|---|---|
| Base Offense Level | 34 |
| Use of Computer | + 2 |

<u>USSG §2G1.3 (Group 2)</u>

| | |
|---|---|
| Base Offense Level | 30 |
| Use of Computer | + 2 |

<u>USSG §3D1.4</u>

| | |
|---|---|
| Two Grouping Units | + 2 |

    The United States and Mr. Southern reserve the right to address whether the reduction for attempt under USSG §2X1.1 is applicable. The United States and Mr. Southern further acknowledge and understand that the Court and the Probation Office are not bound by the parties' calculation of the United States Sentencing Guidelines set forth above and that the parties shall not have the right to withdraw from the plea agreement due to a disagreement

---

[1] As Mr. Southern's offense involved two minors, USSG §3D1 is applied as if each minor was contained in a separate count of conviction.

                                                                                                      *J.S.*  
                                                                                                     Defendant's  
                                                                                                        Initials

David R. Bungard  
October 29, 2020                                          Re: Jamie Southern  
Page 6

with the Court's calculation of the appropriate guideline range.

12. **WAIVER OF APPEAL AND COLLATERAL ATTACK.** Mr. Southern knowingly and voluntarily waives his right to seek appellate review of his conviction and of any sentence of imprisonment, fine, or term of supervised release imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever including any ground set forth in 18 U.S.C. § 3742(a), except as set forth below. Mr. Southern also knowingly and voluntarily waives any right to seek appellate review of any claim or argument that (1) the statutes of conviction (18 U.S.C. §§ 1591(a) and 1594(a)) are unconstitutional, and (2) Mr. Southern's conduct set forth in the Stipulation of Facts (Plea Agreement Exhibit A) does not fall within the scope of the 18 U.S.C. §§ 1591(a) and 1594(a). Mr. Southern may appeal the following:

(a) a decision by the District Court, pursuant to the Sentencing Guidelines or 18 U.S.C. § 3553(a), to make an "upward departure" or "upward variance" from the total offense level calculated by the District Court or the guideline range corresponding to that level.

The United State also waives its right to seek appellate review of any sentence of imprisonment or fine imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever including any ground set forth in 18 U.S.C. § 3742, except that the United States may appeal:

(a) a sentence that falls below the minimum penalty prescribed by statute; and

(b) a decision by the District Court, pursuant to the Sentencing Guidelines or 18 U.S.C. § 3553(a), to make a "downward departure" or "downward variance" from the total offense level calculated by the District Court or the guideline range corresponding to that level.

Mr. Southern also knowingly and voluntarily waives the right

*J.S.*  
Defendant's  
Initials

David R. Bungard  
October 29, 2020                                                                 Re: Jamie Southern  
Page 7

to challenge his guilty plea and conviction resulting from this plea agreement, and any sentence imposed for the conviction, in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255.

The waivers noted above shall not apply to a post-conviction collateral attack or direct appeal based on a claim of ineffective assistance of counsel.

     13. **WAIVER OF FOIA AND PRIVACY RIGHT.** Mr. Southern knowingly and voluntarily waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without any limitation any records that may be sought under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, following final disposition.

     14. **SEX OFFENDER REGISTRATION REQUIREMENT.** Mr. Southern understands and acknowledges that under the Federal Sex Offender Registration and Notification Act, he must register as a sex offender and keep the registration current in each of the following jurisdictions: where he resides, where he is an employee and where he is a student. Mr. Southern understands that the federal registration requirement and any state registration requirement may apply throughout his life. Mr. Southern further understands that the requirement to keep the registration current includes informing at least one of the aforementioned jurisdictions not later than three days after any change of name, residence, employment or student status. Mr. Southern understands that failure to comply with these obligations subjects him to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

     15. **FINAL DISPOSITION.** The matter of sentencing is within the sole discretion of the Court. The United States has made no representations or promises as to a specific sentence. The United States reserves the right to:

*J.S.*  
_____  
Defendant's  
Initials

David R. Bungard  
October 29, 2020                                        Re: Jamie Southern  
Page 8

    (a)    Inform the Probation Office and the Court of all relevant facts and conduct;

    (b)    Present evidence and argument relevant to the factors enumerated in 18 U.S.C. § 3553(a);

    (c)    Respond to questions raised by the Court;

    (d)    Correct inaccuracies or inadequacies in the presentence report;

    (e)    Respond to statements made to the Court by or on behalf of Mr. Southern;

    (f)    Advise the Court concerning the nature and extent of Mr. Southern's cooperation; and

    (g)    Address the Court regarding the issue of Mr. Southern's acceptance of responsibility.

    16.    **VOIDING OF AGREEMENT.**  If either the United States or Mr. Southern violates the terms of this agreement, the other party will have the right to void this agreement. If the Court refuses to accept this agreement, it shall be void.

    17.    **ENTIRETY OF AGREEMENT.**  This written agreement constitutes the entire agreement between the United States and Mr. Southern in this matter.  There are no agreements, understandings or recommendations as to any other pending or future charges against Mr. Southern in any Court other than the United States District Court for the Southern District of West Virginia.

                                                                       *J.S.*  
                                                                 Defendant's  
                                                                  Initials

David R. Bungard  
October 29, 2020     Re: Jamie Southern  
Page 9

    Acknowledged and agreed to on behalf of the United States:

                  MICHAEL B. STUART  
                  United States Attorney

          By: _/s/ Jennifer Rada Herrald_  
                  Jennifer Rada Herrald  
                  Assistant United States Attorney

I hereby acknowledge by my initials at the bottom of each of the foregoing pages and by my signature on the last page of this 9-page agreement that I have read and carefully discussed every part of it with my attorney, that I understand the terms of this agreement, and that I voluntarily agree to those terms and conditions set forth in the agreement. I further acknowledge that my attorney has advised me of my rights, possible defenses, the Sentencing Guideline provisions, and the consequences of entering into this agreement, that no promises or inducements have been made to me other than those in this agreement, and that no one has threatened me or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

_/s/ Jamie Southern_                         11-9-2020  
Jamie Otis Southern                      Date Signed  
Defendant

_/s/ David R. Bungard_                   11-9-2020  
David R. Bungard                          Date Signed  
Counsel for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY

UNITED STATES OF AMERICA

v.                                    CRIMINAL NO. 5:20-cr-00117

JAMIE OTIS SOUTHERN

### STIPULATION OF FACTS

The United States and JAMIE OTIS SOUTHERN stipulate and agree that the facts comprising the offense of conviction in the indictment and relevant conduct include the following:[1]

### DEFENDANT'S FACTUAL BASIS FOR GUILTY PLEA

On June 17, 2020, I responded by email to an advertisement on Craigslist entitled "Mama bear in town with the cubs" in the area of Beckley, West Virginia, looking for someone interested in "a fun play date." I told the purported mom[2] that I was interested in "fun with the cubs" and asked, "How much to play and where are you located?" I also asked for and received a photograph of the purported mother with her daughters, ages 11 and 14.[3]

Our conversation soon switched over to take place via text messages. During those conversations, I asked again about the price for sexual activity with the minors. I was told that the 11-year-old was a virgin, but could be available for sexual intercourse

---

[1] This Stipulation of Facts and Factual Basis for Guilty Plea does not contain each and every fact known to JAMIE OTIS SOUTHERN and to the United States concerning his involvement and the involvement of others in the charges set forth in the Indictment.

[2] The "mom" was actually an undercover law enforcement officer.

[3] The older daughter was originally identified as being 13 years old, but prior to our arranged meeting it was discussed that she had celebrated a birthday and turned 14.

PLEA AGREEMENT EXHIBIT A

1

for the right price, and that the 14-year-old was more experienced. I was quoted a price of $450 for both girls. We also discussed rules, and I agreed that I had no interest in anal sex but did ask whether I would be allowed to perform oral sex on the girls. I also agreed to use a condom because I did not want any more children.

I requested that the woman bring the children closer to where I had stated I lived in Tazewell, Virginia, and we agreed to meet in Princeton, West Virginia. I agreed to pay for the hotel room if the price for sex with the girls could be reduced to $400. I discussed in detail the sexual activity I intended to engage in with the minor, include sexual intercourse and oral sex. In order to confirm that I was not a police officer, I also texted a picture of my penis to the woman. We made plans to meet on June 19, 2020. I told her to rent a hotel room, and we discussed that she would rent a room at the Day's Inn in Princeton and I would pay her back. We discussed meeting initially at the Applebee's in Princeton and then going to meet the girls at the hotel room.

Shortly before I began communicating with the mother I had arranged to meet, I had also communicated with two other individuals[4] from Craigslist. One person was a man who indicated he had access to a 13-year-old girl. I discussed meeting him on June 16 or 17, 2020, at the Econolodge in Summersville, West Virginia, to engage in sexual intercourse with the 13-year-old for $100. The other person identified herself as a 14-year-old girl; I offered to help her earn money because I wanted to "see that sexy body and that sweet little pussy." When she said she felt uncomfortable sending nude photographs, I offered to pay her $30 for

---

[4] Both of these individuals were also undercover law enforcement officers.

**PLEA AGREEMENT EXHIBIT A**

2

five pictures that showed "all you can without getting in trouble lol."

On July 20, 2020, I was also in possession of a cellular telephone that contained a removable SD card. I knew that the SD card contained numerous videos depicting suspected minors engaged in sexually explicit conduct.

Stipulated and agreed to:

_____    11-9-2020
JAMIE OTIS SOUTHERN                Date
Defendant

_____    11-9-2020
DAVID R. BUNGARD                   Date
Counsel for Defendant

_____    11-12-2020
JENNIFER RADA HERRALD              Date
Assistant United States Attorney

**PLEA AGREEMENT EXHIBIT A**
3