IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY

**UNITED STATES OF AMERICA**

**v.**                                                    **CRIMINAL NO. 5:20-00117**

**JAMIE OTIS SOUTHERN**

### SENTENCING MEMORANDUM OF THE UNITED STATES

Comes now the United States of America by Assistant United States Attorney, Jennifer Rada Herrald, and files this Sentencing Memorandum. Based on the facts set forth in the Presentence Investigation Report ("PSR") and as more fully discussed below, Defendant's conduct warrants a sentence within the advisory guideline range of 210 to 262 months.

In June 2020, defendant engaged in a spree of online behavior related to his sexual interest in children. Within the course of a few days, defendant talked to three separate undercover profiles: arranging to meet a mother from Beckley in order to pay $400 to have sex with her 11- and 14-year old daughters; negotiating with a pimp in Summersville to pay $100 for sex with a 13-year-old girl; and propositioning a 14-year-old girl to send him nude photographs in exchange for money. This was not an aberration, however – two Cybertips linked him to child pornography uploaded to his Google account in July 2019. Child pornography was also located on an SD card in his cell phone, which was seized at the time of his arrest. This wide-ranging conduct – from possessing child pornography of

prepubescent minors, to soliciting child pornography from a teen online, to seeking out commercial sex with children as young as 11 years old – demonstrates that defendant is a sexual predator deserving of a guideline sentence.

### A. Response to Objection to the PSR

Defendant has outstanding objections to both the determination in the PSR that no reduction should apply under §2X1.1(b)(1) and to the criminal history calculation. While the arguments of the United States regarding the reduction under §2X1.1 are set forth in greater detail in the addendum to the PSR, the fundamental flaw in defendant's argument is that he was charged and pled guilty to attempted *solicitation* of commercial sexual activity with a minor. Had the undercover officer been a real mother with real children, he would have completed the act of solicitation based upon his conversations alone; the only reason solicitation in this instance must be charged as an attempt is because no actual minor was involved. As the basis of it being an attempt – the fact that the minor was actually undercover law enforcement – does not change the fact that defendant committed all the acts necessary to solicit commercial sexual activity involving a minor, no reduction under §2X1.1(b)(1) is applicable.

Further, the only basis for the claim that he voluntarily withdrew from the arrangement to pay for sex with two children is his own self-serving statements following his arrest. The content

of his conversations (stating that his car broke down and prevented him from traveling) was corroborated by the statement of his girlfriend that his car had, in fact, broken down at around the same time (mid-June) that he told the undercover that it broke down. The record contradicts defendant's claims that he voluntarily withdrew; instead, it is clear by a preponderance of the evidence that he only failed to meet the woman in Princeton because his transportation failed.

As to defendant's criminal history score, the PSR in its addenda clearly sets forth evidence demonstrating that defendant was on supervision at the time of this offense and was fully aware that he was on that supervision. The additional two criminal history points were appropriately applied.

### B. Sentencing Factors

In considering the 18 U.S.C. § 3553(a) sentencing factors, the United States asks that the Court consider the following:

(1) **The nature and circumstances of the offense.**

The depravity of the arrangement defendant made to pay a person he believed to be the mother of two young girls to have sex with those children speaks for itself. Defendant described in sickening detail the sexual activity he sought; negotiated a price, date, and location for the sex to occur; and directed the woman to transport the two children from Beckley to Princeton to allow him to sexually assault them. Defendant had no reason to believe that

these were anything other than real children he directed to be driven to a hotel and prepared for sexual abuse.

**(2) The history and characteristics of the defendant.**

Defendant's history and characteristics regarding the sexual exploitation of children are inadequately captured by either his offense level or his criminal history. His conversations with another pimp and a young girl and his possession of child pornography on his phone are all considerations that weigh in favor of a sentence within the guidelines (or higher) in order to adequately capture his full conduct. That he did not travel to meet the first pimp is not evidence of his lack of intent; rather, it is evidence that he preferred to only drive to Princeton for sex with two girls, including an 11-year-old virgin, rather than drive all the way to Summersville for sex with only one 13-year-old.[1] Likewise, defendant only stopped talking to the minor girl once it was clear she was not going to send him nude photos, not because he realized the error of his ways. His collection of child pornography makes it obvious that he was genuinely seeking out child pornography if the girl had been willing to send it to him.

---

[1] After discussing a price of $100 for the 13-year-old virgin and finding out that the pimp was at the Econolodge in Summersville, Southern stated that he did not think he could make it that day. He specifically lamented that he "was really hoping to get the Virgin but I would say if I don't make it today I will miss out on that," appearing to refer to her having lost her virginity before he arrived. This further explains why he changed his focus to the 11-year-old virgin.

4

Defendant claims that his habit of abusing methamphetamine is what caused his conduct as set forth in the PSR. But while some studies may show meth can increase sex drive or reduce inhibitions, defendant has not pointed to any study that says it causes a sexual interest in children. Meth might explain why he may have engaged in unwise sexual choices with adults, but it certainly does not explain or excuse his wide-ranging attempts to sexually abuse and exploit children. The real prepubescent children depicted in the child pornography he possessed and the children he believed were real that he sought to abuse are no less victims because he chose to use meth, and his crime is no less abhorrent.

**(3) Need for sentence imposed to reflect seriousness of the offense, respect for the law, just punishment, adequate deterrence, and to protect the public.**

The serious nature of the offense, as described above, warrants a sentence within the guidelines. Further, a sentence within the advisory guideline range is necessary to provide adequate deterrence to defendant and to others generally. A guideline sentence will also adequately protect children in the community from further crimes by defendant.

**C. Conclusion**

The United States respectfully requests that the defendant be sentenced a term of imprisonment within the advisory guideline range set forth in the PSR to be followed by a 15-year term of supervised release.

Respectfully submitted,

LISA G. JOHNSTON
Acting United States Attorney

/s/Jennifer Rada Herrald
JENNIFER RADA HERRALD
Assistant United States Attorney
WV Bar No. 12181
300 Virginia Street, East
Room 4000
Charleston, WV 25301
Telephone: 304-345-2200
Fax: 304-347-5104
Email: jennifer.herrald@usdoj.gov

CERTIFICATE OF SERVICE

It is hereby certified that the foregoing "SENTENCING MEMORANDUM OF THE UNITED STATES" has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing this 17th day of March, 2021 to:

>David R. Bungard
>Assistant Federal Public Defender
>300 Virginia Street East, Room 3400
>Charleston, WV 25301
>david_bungard@fd.org

>/s/Jennifer Rada Herrald
>JENNIFER RADA HERRALD
>Assistant United States Attorney
>WV Bar No. 12181
>300 Virginia Street, East
>Room 4000
>Charleston, WV 25301
>Telephone: 304-345-2200
>Fax: 304-347-5104
>Email: jennifer.herrald@usdoj.gov